In re CHEATWOOD.

Court of Claims of Ohio,
Victims of Crime Division.

No. V95-43063.

Decided April 14, 1997.

*Sherdina E. Cheatwood,* pro se.

*Betty D. Montgomery,* Attorney General, for the state.

STRAUSBAUGH, Judge.

This matter came on to be considered upon applicant's appeal from the July 26, 1996 order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner, which had denied the applicant's claim for an award of reparations pursuant to R.C. 2743.60(E), as a result of the injured party's felony conviction of May 13, 1992.

The panel found that the applicant's claim should not be denied pursuant to R.C. 2743.60(E), as the applicant's May 13, 1992 felony conviction was expunged on February 8, 1996.

The panel relied on the decision rendered in *In re Allison* (July 23, 1986), Ct. of Cl. No. V84–42541jud, unreported, which held, "In accordance with the rationale expressed in *In re Cowan* [ (Ct.Cl.1986), 27 Ohio Misc.2d 12, 27 OBR 126, 499 N.E.2d 937], expunged felony convictions will not operate to bar an award under R.C. 2743.60(E)."

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant presented sufficient evidence to meet her burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

R.C. 2743.60(E) was amended to read as follows:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant if any of the following applies:

"(1) The victim was convicted of a felony within ten years prior to the criminally injurious conduct that gave rise to the claim or is convicted of a felony during the pendency of the claim.

"(2) The claimant was convicted of a felony within ten years prior to the criminally injurious conduct that gave rise to the claim or is convicted of a felony during the pendency of the claim.

"(3) It is proved by a preponderance of the evidence * * * that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in conduct that would constitute a felony under the laws of this state, another state, or the United States."

The Attorney General contends that, although the applicant's felony conviction was expunged, the claim should still be denied, pursuant to R.C. 2743.60(E)(3), as there is evidence of felonious conduct. The Attorney General acknowledges the holding in *Allison, supra*, but argues that *In re Strum* (Jan. 18, 1996), Ct. of Cl. No. V94–36560jud, unreported, 1996 WL 909965, is controlling.

The applicant in *Strum* had completed a diversion program. Judge Leach held that "[a]lthough the charges were dismissed and the record possibly sealed, the applicant has not produced any evidence to indicate that the original charge of forgery was in error." Judge Leach further found that the preponderance of the evidence revealed that the conduct of the applicant within ten years prior to the criminally injurious conduct, if proven by proof beyond a reasonable doubt, would constitute a felony.

The court adopts the Attorney General's position that this claim should be denied pursuant to R.C. 2743.60(E), as there is sufficient evidence of felonious conduct within ten years prior to the criminally injurious conduct.

The applicant's records contained in the claim file indicate that the applicant plead guilty to theft, which is conduct that would constitute a felony. Regardless of the procedural effect of expungement, the court finds that the Attorney General has proven by a preponderance of the evidence that the applicant

engaged in felonious conduct within ten years prior to the criminally injurious conduct.

This case can be distinguished from the recent decision in *In re Maye* (Jan. 8, 1997), Ct. of Cl. No. V94–38112jud, unreported. In *Maye*, Judge Bettis affirmed the decision of the three-commissioner panel in its finding that the Attorney General did not show by a preponderance of the evidence that the claim should be denied pursuant to R.C. 2743.60(E), as the applicant's felony conviction had been expunged. However, in *Maye*, the conduct upon which the applicant's expunged conviction was based occurred more than ten years prior to the criminally injurious conduct.

In the instant case, the underlying felonious conduct occurred *within* ten years prior to the criminally injurious conduct that gave rise to the claim and, thus, the applicant is denied an award of reparations pursuant to R.C. 2743.60(E)(3).

Upon review of the file in this matter, the court finds that the panel of commissioners was arbitrary in finding the applicant did show by a preponderance of the evidence that she was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, this court reverses the decision of the three-commissioner panel and hereby denies the applicant's claim.

Upon review of the evidence, the court finds the order of the panel of commissioners must be reversed and the Attorney General's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1. The order of July 26, 1996 is REVERSED;

2. This claim is DENIED, and judgment is entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.